B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS Keith Eugene Thomas | DEFENDANTS DLJ Mortgage Capital, Inc. And Select Portfolio Servicing, Inc |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.) Pro-Se P.O. Box 960242 Riverdale, GA 30296 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only) ☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor   ☐ Other ☐ Trustee | PARTY (Check One Box Only) ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☑ Creditor   ☐ Other ☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

This Complaint Seeks To Invalidate The Defendants Claims To A debt Pursuant To FRBP 7001(2), 28 USC sec 157(a) thru (b)(2)(B), And 28 USC sec 1409(a)

---

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☑ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☑ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☑ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA
2023 JUN 29 PM 12: 26
REGINA THOMAS
CLERK

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Keith Eugene Thomas | BANKRUPTCY CASE NO.<br>23-54066-TJ23 | |
| DISTRICT IN WHICH CASE IS PENDING<br>NDGA | DIVISION OFFICE<br>Atlanta | NAME OF JUDGE<br>Hon. Wendy L Hagenau |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF<br>Keith E. Thomas | DEFENDANT<br>DLJ mortgage Capital, Inc.<br>Select Portfolio Servicing, Inc. | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>June 29, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Keith E. Thomas | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

2023 JUN 29 PM 12: 26

M. REGINA THOMAS
CLERK

BY _____
DEPUTY CLERK

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

In re:

Keith E. Thomas,                                    Case No. 23-54066-TJ23

      Debtor,                                     Chapter 13

_____                             Judge: Hon. TJ23

v.

Keith E. Thomas,

      Plaintiff,

vs.                                                 Adversary No._____

DLJ Mortgage Capital, Inc.,

      Defendant,

Select Portfolio Servicing, Inc.,

      Defendant.

## <u>COMPLAINT</u>

COMES NOW Keith Thomas, plaintiff and recognized owner of all

real property identified within the KBDJ&D Thomas Family Trust and pursuant

to FRBP 7001(2), respectfully seeks a determination of the validity, priority, or

extent of all lien(s) or other purported interest(s) claimed by creditors against

said property at 2655 West Road, Riverdale, Georgia, request relief from this court.

1

## JURISDICTION

1. Jurisdiction is pursuant to The Federal Rules of Bankruptcy Procedures and FRBP 7001(2) whereas all parties are subject to this court as either a debtor or a creditor asserting either a lien, right or claim for an amount of money to be determined by this court.

This court has jurisdiction pursuant to 28 U.S.C.§§ 157 (a) thru (b)(2)(B).

The plaintiff has standing to bring this action pursuant to FRBP 7001(2).

Venue is proper pursuant to 28 U.S.C. § 1409(a) and all pertinent Local Rules of the United States Bankruptcy Court for the Northern District of Georgia, Atlanta, Division.

## BACKGROUND AND FACTS

2. On or around 12 June, 2007 the plaintiff entered into a residential mortgage contract with Northstar Mortgage Group, LLC [Northstar] for a residential mortgage contract secured by a Note [The Note].  In December 2009, the State of Georgia Department of Banking and Finance issued an order commanding Northstar Mortgage Group, LLC to cease and desist all residential mortgage transactions in Georgia. *See plaintiff's Exhibit "1" attached hereto*

2

*Order to Cease and Desist issued to Northstar Mortgage Group, LLC.*  Said order became fully effective in February 2010 effectively preventing Northstar or preventing any agent or nominee acting on Northstar's behalf from conducting any residential mortgage transactions in Georgia in the name of Northstar.

3.  In May of 2010 plaintiff received a demand for money from Bank of America, N.A. [BAC] claiming to be the owner of plaintiff's mortgage and mortgage Note and threatening to foreclose upon plaintiff's residence if payment was not received from the plaintiff and paid directly to them [BAC] in lieu of foreclosure.

4.  As a direct result of the actions of [BAC] in May of 2010, the plaintiff filed for chapter 13 bankruptcy protection in this court and subsequently filed an adversary proceeding in this court against [BAC] seeking injunctive relief based on [BAC]'s refusal to honor the automatic stay issued by the court.  A telephone hearing was conducted by the court and at that time, BAC agreed to comply with the court's automatic stay associated with petitioner's bankruptcy filing at the time and the injunctive relief requested was ruled a moot point given that BAC agreed to comply with the automatic stay.

5.  Additionally, this court conducted a follow-up in person  proceeding  and

3

inquired of the BAC attorneys the whereabouts and business status of Northstar

Mortgage Group, LLC given that Northstar was the only entity that had

standing to either demand money from this plaintiff or to have initiated a

foreclosure against this plaintiff according to the written contract. The BAC

attorneys claimed to have no personal knowledge of the whereabouts of

Northstar nor did they know whether or not Northstar even existed as a business

on the date of the hearing. At not time did either of the attorneys indicate that

BAC had been assigned a financial interest within a security deed nor did the

attorneys indicate that BAC had purchased the Note from Northstar on that day

before this court.

6. In August, 2010 an employee for the attorneys representing Bank of

America, N.A. at the time, drafted, fabricated and signed an alleged

[Assignment of Security Deed] document. *See plaintiff's Exhibit "2" attached*

*hereto the [Assignment of Security Deed document] created by Lureece D.*

*Lewis attached hereto.* This referenced fabricated document alleged to have

assigned a financial interest within a security deed between the plaintiff and

Northstar Mortgage Group, LLC over to Bank of America. N.A..

7. The August 2010 fabricated assignment document(s) and all subsequent

and associated assignment document(s) referencing an alleged assignment of a

4

financial interest within a security deed from BAC over to DLJ Mortgage Capital, Inc. or over to Select Portfolio Servicing, Inc. lacks foundation as evidence of fraudulent activity dating back to the August 2010 assignment document signed by Lureece D. Lewis renders all subsequent alleged assignments fraudulent in nature.

8. At some point in time between 2018 and 2022 and according to information mailed to the petitioner from the defendants, the defendants alleged to have either been assigned a financial interest within the same said security deed assignment documents initiated by Lureece D. Lewis dating back to August 2010 some 8 months past the point in time that Northstar Mortgage Group, LLC existed as a viable legitimate licensed and working business in Georgia.

9. According to all public records, there are no documented transactions within any U.C.C. files within Fulton County, Georgia that indicates that Bank of America, N.A., DLJ Mortgage Capital, Inc., or Select Portfolio Servicing, Inc. has been assigned a financial interest within the Note attached to a debt between this petitioner and Northstar Mortgage Group, LLC , nor is there any evidence that either of these entity(s) ever purchased the Note attached to a debt between this petitioner and Northstar Mortgage Group, LLC for value from Northstar or from any other entity as a matter of due course in secession from

5

Northstar Mortgage Group, LLC.

    10.  Bank of America, N.A. is not named to this complaint primarily because of the fact that DLJ, Mortgage Capital, Inc. and Select Portfolio Servicing, Inc. are the two entity(s) now claiming to be the assignees of a security deed and are alleging to have purchased a security deed from Bank of America, N.A. that they alleges to be attached to this plaintiff's residential property referenced within this complaint.

## GROUNDS FOR RELIEF

    11.  Although the plaintiff and the defendants named within this complaint have previously appeared before a court concerning the existence of the assignment documents referenced within this complaint, this complaint does not seek to address whether or not the assignment documents exist, but instead, whether or not these defendants have ever purchased or acquired a financial right within The Note identified within a residential mortgage between the plaintiff and Northstar Mortgage Group, LLC.  The facts outlined and supported within this complaint supports the plaintiffs claims that the defendants have never argued before any court claiming to have either purchased a financial right within The Note to the plaintiff's residential property referenced within this complaint nor have the defendants ever made a

6

claim or defense before any court that they either possess or have ever

purchased a financial right or interest within same said Note. For those reasons,

the defendants can not assert a plausible defense on their own behalf claiming

to be either the [Owners of The Note] or the [Holders In Due Course] and

should not be permitted to continue their efforts to either collect any money

whatsoever from the plaintiff and the defendants should be enjoined from their

attempts to conduct a foreclosure upon plaintiff's residential property

referenced at all times within this complaint.

## **LEGAL ARGUMENT**

12. The initial transaction between this plaintiff and Northstar Mortgage

Group, LLC identified the existence of a Note as the controlling Instrument and

only authorizes the holder of the Note or Owner of the Note to be identified as

the owner of a mortgage between this plaintiff and prevailing entity with a

financial interest within the original or succeeding authority of the mortgage

contract signed by this plaintiff. In this case, the defendants can not establish a

financial interest or ownership of The Note and the plaintiff is entitle to

challenge all proofs of claim filed by not supported with proof of ownership and

proof of possession of The Note referenced herein.

(i). **28 U.S.C.§ 157(b)(2)(B) Permits The Court to Grant Plaintiff's Relief**

7

**Sought By and Through This Adversary Proceeding;** Pursuant to this stated federal bankruptcy statue, this court is empowered to and authorized to grant all of the stated relief sought by the plaintiff for the purposes of confirming the present chapter 13 plan proposed before the court and also this court can either allow or disallow any claims made against this plaintiff within this proposed chapter 13 bankruptcy proceeding.

   **(ii). Federal Rules of Bankruptcy Procedures 7001(2) Provides:** " An adversary proceeding is governed by the rules of this Part VII.  The following are adversary proceedings; (2) a proceeding to determining the validity, priority, or extent of a lien or other interest in property, but a proceeding under Rule 3012 or Rule 4003(d)."

   **(iii). The August 2010 Purported Assignment of Security Deed Document Lacks Foundation And Identifies Fraud On Its' Face;** The 23 August 2010 Document referenced at all times within this adversary proceeding is rooted in fraud given the details of its origin.  This document was fabricated over 8 months after Northstar was ordered to cease and desist all residential mortgage transactions in Georgia, there is no evidence that any such attempts of an assignment of any sort was ever relayed to any court or to any other entity from the period of time from December 2009 up and to August 2010 and the

8

following factors should apply as well;

[1] Northstar Mortgage Group, LLC did not exist or function as a viable or licensed business authorized to conduct or perform residential mortgage transactions in Georgia on 23 August, 2010;

[2] Even if the alleged assignment transaction referenced herein could somehow be considered to be a legal or acceptable within the guidelines of Georgia law, the individual that purported to have been empowered to act either on the behalf of Northstar Mortgage Group, LLC or on the behalf of Mortgage Electronic Registration Systems, Inc. a/k/a MERS also a/k/a Merscorp Holdings, Inc., lacked foundation to perform such an act given that she was a low level employee who was simply worked for the law firm seeking to conduct the May 2010 foreclosure at the time and referenced herein.  Additionally, according to the rules of operation for MERS, any company that MERS seeks to act on the behalf of must meet multiple levels of compliance prior to MERS having the power or authority to conduct any residential mortgage transactions on that company's behalf.  In this instant case, no such compliances had been met, neither Northstar Mortgage Group, LLC nor any agent, nominee or representative at the time, had any authority whatsoever to conduct any type of residential mortgage transactions on the behalf of Northstar or in the name of

9

Northstar on 23 August, 2010, and secondly, the individual acting on the behalf

of MERS [Lureece D. Lewis] was simply an employee for the law firm seeking

to fraudulent facilitate the lack of a necessary document that were not presented

before the bankruptcy court in support of their ongoing attempts to conduct the

illegal and fraudulent foreclosure proceeding against this plaintiff at the time;

[3] Even if the purported assignment documents could even still be

considered to be somehow valid or legal by some standard of Georgia law, the

referenced assignment document does not indicate on its face that either MERS

or Bank of America, N.A. paid a dollar value to Northstar Mortgage Group,

LLC in exchange for ownership of the secured instrument [the Note] that

governed the agreement Northstar and this plaintiff.

**(iv). DLJ Mortgage Capital, Inc and Select Portfolio Servicing, Inc.
Assignment Documents and Servicing Documents Lack Foundation Based
On The Fact That The Lureece D. Lewis Assignment Document Fails To
Establish a Financial Interest Within The Note;** In Georgia and according to

the contract between this plaintiff and Northstar, the prevailing Instrument that

anyone can make a demand for money from this plaintiff is The Note, not the

security deed. The Security Deed is only evidence of the transaction and has no

physical value. In this case, the defendants have based their alleged financial

**10**

connections between this plaintiff and them derives from the validity of the 23
August 2010 fraudulently crafted document signed by Lureece D. Lewis
allegedly transferring a financial interest in a security deed over to Bank of
America, N.A. from Northstar Mortgage Group, LLC and eventually based on
the validity [or the lack of validity] of that transaction.

The defendants claim to have been assigned a financial interest within a
security deed that resulted from a transaction from Bank of America, N.A. over
to them and has been attempting to foreclose upon this plaintiff's referenced
residential property based on the transactions between themselves and Bank of
America, N.A..

There is no evidence that Bank of America, N.A. either bought or
invested in The Note to plaintiff's residence nor is there any evidence that these
defendants ever bought or invested in The Note to plaintiff's residence nor have
either one of these two entity(s) previously asserted before any court to have
purchased the Note to plaintiff's mortgage transaction nor have they indicated
that they have invested in the possession of the Note.

**(v). The Defendants Are Not The Holder In Due Course of The Note;**
Georgia Code Title 11 – commercial Code, Article 3 – Negotiable Instruments,
Part 3 – Enforcement of Instruments § 11-3-302 Holder in Due Course…GA

**11**

code § 11-3-302 (2020)…

(a)..Subject to subsection (c) of this Code Section and subsection (d) of code Section 11-3-106, "Holder in Due Course" means the holder of an Instrument if, [1] The Instrument, when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity; and [2] The holder took the Instrument;

(b)…Notice of discharge of a party, other than discharge in an insolvency proceeding, is not notice of a defense under subsection (a) of this Code section, but discharge is effective against a person who became a holder in due course with notice of the discharge.  Public filing or recording of a document does not of itself constitute notice of a defense, claim in recoupment, or claim to the Instrument.

(c)….Except to the extent a transfer or procedecessor in intrest has rights as a holder in due course, a person does not acquire rights of a holder in due course of an Instrument taken (i) by legal process or by purchase in an execution, bankruptcy, or creditor's sale or similar proceeding; (ii) by purchase a part of a bulk transaction not in ordinary course of business of the transferor, or (iii) as a successor in interest to an estate or other organization.

**12**

(d)…If under paragraph [1] of subsection (a) of Code Section 11-3-303, the promise performance that is the consideration for an Instrument has been partially performed, the holder may assert rights as a holder in due course of the Instrument only to the fraction of the amount payable under the instrument equal to the value of the partial performance divided by the value of the promised performance.

(e)…If the person entitled to enforce an Instrument has only a [Security Interest] in the Instrument and the person obligated to pay the Instrument as a defense, claim in recoupment, or claim to the Instrument that may be asserted against the person who granted the security interest, the person entitled to enforce the Instrument may assert rights as a holder in due course only to an amount payable under the Instrument which, at the time of enforcement of the Instrument, does not exceed the amount of the unpaid obligation secured.

(f)…To be effective, notice must be received at a time and manner that give a reasonable opportunity to act on it.

(g)…This Code section is subject to any law limiting status as holder in due course in particular classes of transactions

Applying Georgia law and the Uniform Commercial Codes that are well known and applicable to this matter, the defendants do not qualify as a Holder

**13**

in Due Course to the Note attached to a relative mortgage contract between this

plaintiff and Northstar Mortgage Group, LLC and accordingly, this set of

defendants cannot enforce recoupment to any amount of money either paid,

owed, or promised to be paid to Northstar from this plaintiff.

If the court should somehow deem the defendants to be able to claim or

assert that they are Holders in Due Course to the Note referenced in this

complaint, then any Note or document that they may claim to be the Note must

be scrutinized for authenticity and irregularities as referenced above.  That

includes whether or not the plaintiff's finger prints are on the document,

whether or not the document has unclear irregular markings or if the document

has been altered in any other ways from its original state.

## **JURY DEMAND**

13.  Pursuant to BLR 9015-1 and Fed. R. Civ. P. 38(b), the plaintiff now

demands a trial by jury for all issues raised within this complaint before this

court.  BLR 9015-1(a) provides; "Pursuant to 28 U.S.C. § 157(e) and

Bankruptcy Rule 9015, a party must demand a trial by jury in accordance with

Fed. R. Civ. P. 38(b).  A demand must include a statement that the party does or

does not consent to a jury trial conducted by the Bankruptcy Court."

**14**

## <u>RELIEF SOUGHT</u>

14.  The plaintiff is seeking a complete denial of any and all claims made

the defendants against the plaintiff's residential property, that all previous liens,

judgments or prior court rulings in the defendants favor that pertains to or

relates to these defendants having ever been assigned a financial interest within

a security deed attached to the plaintiff's residence referenced within this

complaint, be hereby enjoined and rendered unenforceable as their supporting

evidence in connection to any proofs of claim made before this court unless it is

coupled with the original Note to plaintiff's mortgage transaction, a receipt

establishing the purchase of said Note along with all related documents dating

back to the date of the original transaction between this plaintiff and Northstar

Mortgage Group, LLC.

Additionally, the plaintiff request that the Court enjoin the defendants

from the enforcement of any previously issued assignment documents that

identifies any real estate assignment transactions between the defendants and

any other business entity as evidence in support of any proofs of claim made

before this court.

Additionally, the plaintiff is seeking an enjoinment of any and all legal

fees claimed by the defendants in connection with their defense of, prosecution

**15**

of their attempts to either enforce a claim for money they allege to be owed to them by the plaintiff or their attempts to collect any related legal fees related to or in association with all matter either presently or previously asserted by the defendant and their attorneys associated with this complaint.

Additionally, the plaintiff seeks compensatory damages from the defendants in an amount to be determined by a jury for the plaintiff having to file this adversary proceeding and having to defend against the defendant's ongoing and continuous unlawful pursuits at attempting to collect on a debt from the plaintiff that they are not owed.

WHEREFORE the plaintiff prays that the Court grant him the relief that he seeks as federal bankruptcy laws, Georgia laws and the Uniform Commercial Codes offered in support of plaintiff's complaint fully authorizes and empowers this Court to grant any such relief deemed adequate and just and also all of the relief sought here by this plaintiff.

For these reasons, the plaintiff respectfully submits this complaint before this Honorable Court.

Respectfully submitted on this 29 day of June, 2023.

Keith Thomas, plaintiff
P.O. Box 960242
Riverdale, GA  30296

16

404-838-0394
mckneck2003 @yahoo.com

## END OF DOCUMENT

PLAINTIFF'S EXHIBIT "1"

# Department of Banking and Finance

*2990 Brandywine Road, Suite 200*
*Atlanta, Georgia 30341-5565*

Sonny Perdue
Governor

*770-986-1633*
*www.gadbf.org*

Robert M. Braswell
Commissioner

December 31, 2009

Mr. William Sander, President
Northstar Mortgage Group, LLC
68 Eastbrook Bend, Bldg. 53
PEACHTREE CITY, GA 30269

## ORDER TO CEASE AND DESIST

The Georgia Department of Banking and Finance ("Department") received notification from Hartford Fire Insurance Company on December 31, 2009, that the surety bond issued to Northstar Mortgage Group, LLC, License #20887, will be cancelled on February 01, 2010. Please be advised that the Georgia Residential Mortgage Act requires all mortgage lenders and mortgage brokers to operate under a valid bond in form and terms acceptable and payable to the Department. O.C.G.A. § 7-1-1003.2. Failure to maintain the appropriate coverage will result in administrative action. O.C.G.A. § 7-1-1018.

*You are hereby ordered to cease and desist* from operating as a mortgage licensee on the close of business **February 01, 2010**, unless, before that date, you have submitted to the Department a bond in effect on that date that complies with the requirements of O.C.G.A. § 7-1-1003.2 and Department Rule 80-11-4-.03(3)(c).

The license issued to Northstar Mortgage Group, LLC will expire and no longer be valid as of **February 01, 2010**, should you fail to provide this information to the Department prior to that date. O.C.G.A. § 7-1-1018. There will be no opportunity for a hearing on this issue. O.C.G.A. § 7-1-1018.

**You will receive no further notice of the expiration of your license if you do not produce the required documentation by the date specified. The information about your expired license will be published as with other activities on licenses. You may not conduct a mortgage business without a required license.** Please contact Larry Shelley via telephone at (770) 986-1372 or via email at shelley@dbf.state.ga.us should you have any questions concerning this matter.

Rod Carnes, CFE
Deputy Commissioner
Non-Depository Financial Institutions

**PLAINTIFF'S EXHIBIT "2"**

Deed Book 49355 Pg   388
Filed and Recorded Sep-10-2010 08:30am
2010-0337307
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

Prepared by and after Recording Return to:          )
Name:      Elizabeth Hunter Pitts    )
Firm/Company:   PROMMIS SOLUTIONS, LLC   )
Address:    ATTN: ASSIGNMENTS   )
Address 2:    1544 OLD ALABAMA ROAD   )
City,    ROSWELL, GA  30076   )
State,       )
Zip:       )
Phone:    (800) 275-7171   )

-------Above This Line Reserved For Official Use Only-------

Assessor's Parcel/Account Number:

CHL #: 517611104

## ASSIGNMENT OF SECURITY DEED

Name and Address of Assignor:
Mortgage Electronic Registration Systems, Inc., solely as nominee for NorthStar Mortgage Group LLC. whose address is 3300 SW 34th Avenue, Suite 101, Ocala, FL 34474

Name and Address of Assignee:
BAC Home Loans Servicing, L.P. FKA Countrywide Home Loans Servicing, L.P. whose address is 7105 Corporate Drive, Mail Stop PTX-C-35, Plano, TX, 75024

FOR VALUE RECEIVED, the receipt and sufficiency of which is hereby acknowledged, the undersigned, Mortgage Electronic Registration Systems, Inc., solely as nominee for NorthStar Mortgage Group LLC. , "Assignor", whose address is above, does hereby grant, sell, assign, transfer and convey to BAC Home Loans Servicing, L.P. FKA Countrywide Home Loans Servicing, L.P., "Assignee," whose address is above, all interest of the undersigned Assignor in and to the following described security deed.

Date of Security Deed:      June 12, 2007      Maturity Date:      July 1, 2037



Executed                    by    Keith E. Thomas
(Mortgagor(s)):
                                  Individual
To    and    in    favor    of    Mortgage Electronic Registration Systems, Inc., solely
(Mortgagee):                       as nominee for NorthStar Mortgage Group LLC.

Filed of Record:  In Book _____45245_____ , Page _____448_____
Document/Inst. No. _____2007-0186592_____ , in the Office of the Superior Court Clerk
for _____Fulton_____ County, Georgia, on _____June 25, 2007_____ (date).
Property:    2655 West Road, Riverdale, Georgia 30296
             (As described in the Legal Description attached hereto as Exhibit A.)

Given: to secure a certain Promissory Note in the amount    $ 155,000.00.
of

        Together with the note(s) and obligations therein described or referred to, the
money due and to become due thereon, with interest, and all rights accrued or to accrue
under said Security Deed.

        TO HAVE AND TO HOLD the same unto Assignee and unto its successors and
assigns forever, subject only to the terms and conditions of the above-described Security
Deed.

        Assignor is the present holder of the above-described Security Deed.

        IN WITNESS WHEREOF, this assignment was executed by the undersigned
Assignor on this the __23__ day of __August__ , 20_10_.

MIN:                    4436        MERS PHONE: 1-888-679-6377

                                    Mortgage Electronic Registration Systems, Inc.,
                                    solely as nominee for NorthStar Mortgage
                                    Group LLC.

                                    _Lurlene D. Davis_
                                    Authorized Agent

Deed Book 49355 Pg   390

Signed, Sealed and Delivered
in the presence of:

_____
Witness Name        Kathryn Spinato

_____
Notary Public

My Commission Expires: 6/15/14

(Seal)

